| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

ATOM Instrument Corporation and  
Franek Olstowski,

        Plaintiffs,

versus

Petroleum Analyzer Company, L.P.,

        Defendant.

Civil Action H-12-1811

# Opinion on Partial Summary Judgment

1. *Introduction.*

A consulting scientist has sued a company for its use of his trade secrets. He moved for a partial judgment on liability for its theft of trade secrets and unfair competition. He will prevail because (a) a judgment holds that the technology is his trade secret and (b) the company admits that it used it.

2. *Background.*

Franek Olstowski worked for Petroleum Analyzer Company, L.P., before becoming president and part owner of ATOM Instrument Corporation.

ATOM and Petroleum develop and repair instruments for chemical analysis of petroleum. While working as a consultant for Petroleum, Olstowski developed an excimer light source to detect sulfur using ultraviolet fluorescence. He created this separately from his work at Petroleum and was awarded a patent in 2007.

In 2006, Petroleum sued ATOM and Olstowski claiming ownership of the excimer technology. The arbitration panel awarded Olstowski ownership of all the technology. It also held that it is his trade secret. The panel enjoined Petroleum from claiming or using the technology. The trial court and the court of appeals confirmed the award.

While appealing the confirmation, Petroleum stipulated that its instrument called "MultiTek" used an excimer light source to detect sulfur using ultraviolet fluorescence.

Petroleum argued that the injunction did not prohibit its use. The question in this case is whether Petroleum's MultiTek used Olstowski's trade secrets.

3.  *Preclusion.*

A judgment holds that Olstowski's technology is his trade secret. Petroleum is bound by the award and its injunction.

An issue may not be litigated again if it was (a) fully litigated; (b) essential to the judgment; and (c) between the same adverse parties.[1] Only the issues sought to be precluded need to be the same as those in the prior suit.[2]

4.  *Application.*

The court will not re-hear whether Olstowski's technology is a trade secret.

First, the panel awarded the technology to Olstowski after ownership had been fully adjudicated. The trial court and court of appeals confirmed the award. Petroleum had three opportunities to challenge the trade-secret holding – it lost.

Re-urging its position despite the award, Petroleum says that public technology cannot be a trade secret. A disclosed concept, however, may still be protected against a party who acquired it through a breach of confidence.[3] Petroleum did not discover the use of excimer lamps through the patent. It learned of it after signing a non-disclosure agreement with Olstowski. Although the case in 2006 was not principally about the classification of trade secrets, it was a part of the arbitration and judgment.

Second, the technology was classified as Olstowski's trade secret, and Petroleum was enjoined from claiming it. The award gave Olstowski sole ownership of the secrets, making it essential to the judgment. The trade-secret ruling was independent of the panel's holding about ownership. It gave Olstowski additional property rights for disputes like this one.

---

[1] Eagle Properties, Ltd. v. Scharbauer, 807 S.W.2d 714, 721 (Tex. 1990).

[2] Wilhite v. Adams, 640 S.W.2d 875, 876 (Tex. 1982).

[3] Sikes v. McGraw-Edison Co., 671 F.2d 150, 151 (5th Cir. 1982).

Third, Petroleum concedes that it was genuinely adverse to ATOM and Olstowski in the first action and before this court. It is precluded from re-litigating whether Olstowski's technology is a trade secret.

5. *Conclusion.*

Petroleum Analyzer Company, L.P., will be liable for using the trade secrets of Franek Olstowski and ATOM Instrument, LCC, if it used his technology in its MultiTek. The court will next (a) compare the technologies and (b) examine the profit derived from the use of Olstowski's secrets.

Signed on August 8, 2014, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge