IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATOM Instrument Corporation, et al. | § | |
|     Plaintiffs, | § | Civil Action No. 4:12-cv-01811 |
| | § | |
| v. | § | |
| | § | |
| | § | Judge Lynn N. Hughes |
| Petroleum Analyzer Company, LP | § | |
|     Defendant. | § | |

**Petroleum Analyzer Company, LP's
Verified Motion for Attorney's Fees Pursuant to Texas Theft Liability Act**

To Judge Hughes:

    1.    Petroleum, as prevailing party, requests the Court to award it reasonable and necessary attorney's fees it incurred defending this trade secret lawsuit, as required by the Texas Theft Liability Act. A good-faith estimate of the total costs and fees based on counsel's preliminary evaluation of the Alston & Bird, LLP accounting records for this lawsuit, which span from July 2012 to 2018, is no less than $1,046,000.00[1] and at most $1,308,629.00.[2] Invoices are still being analyzed to segregate recoverable fees and to redact for submission to the Court. Accordingly, Petroleum asks that the Court allow it to supplement this motion within 10 days with additional evidence supporting the amount of the reasonable and necessary costs and attorney's fees incurred by Petroleum that it is entitled to receive under the Texas Theft Liability Act.

---

[1] This amount is reflected in Ex. A to the attached Verification, demonstrating actual incurred and paid fees by Petroleum.

[2] This amount reflects additional amounts incurred with preparation and trial, which have not yet been billed to Petroleum but for which it has committed to pay.

**Background**

2. In 2012, ATOM alleged Petroleum's MultiTek device incorporated stolen excimer technology developed by Franek Olstowski. On July 23, 2018, after more than six years of litigation, the case was tried in a bench trial. As the Court notes in its Findings and Conclusions, the scope of Olstowski's technology was defined by an arbitration panel before trial, and "[t]he only question for the court [was] whether the MultiTek used what the panel decided was Olstowski's technology." Doc 142, p. 4. On August 16, 2018, the Court entered its Final Judgment, finding Olstowski's technology is a trade secret, Petroleum "did not use Franek Olstowski's technology in its MultiTek," and ordering that Plaintiffs "take nothing" from Petroleum. Doc. 143.

**Prevailing party entitled to fees under Texas Theft Liability Act**

3. ATOM's live pleading at the time of trial, the Complaint filed on April 25, 2012 (Doc. 26), sought recovery under the Texas Theft Liability Act, codified at Tex. Civ. Prac. & Rem. Code Ch. 134, alleging, in relevant part, as follows:

> 25. PAC unlawfully appropriated, acquired and/or exercised control over Plaintiffs' property without Plaintiffs' consent.
> \*   \*   \*
> 29. Additionally or alternatively, Plaintiffs are entitled to recover reasonable and necessary attorney fees by reason of PAC's theft of Plaintiffs' property pursuant to Tex. Civ. Prac. & Rem. Code § 134.005.

4. ATOM's allegations that Petroleum was liable under the Theft Liability Act were brought in 2012, so the 2012 version of the Theft Liability Act controls. Under the 2012 version of the Theft Liability Act attorney's fees "shall be awarded" to the prevailing party in a suit alleging theft of a trade secret. ATOM never withdrew its claim under the Texas Theft Liability Act, and prosecuted its theft liability claim through trial, reiterating its request for an award of its attorney's fees in the Joint Proposed Pretrial Order. (Doc. 118 at 12, 14, 26). Accordingly,

Petroleum, as the prevailing party in this lawsuit, believes an award of its fees in defending this lawsuit is mandatory under the Theft Liability Act.

5.  In 2012, as today, the Act provided that "[a] person who commits theft is liable for the damages resulting from the theft." Tex. Civ. Prac. & Rem. Code § 134.003. In 2012, the Act defined "theft" to mean "unlawfully appropriating property or unlawfully obtaining services as described by Section 31.03, 31.04, 31.05, 31.06, 31.07, 31.11, 31.11, 31.12, 31.13, or 31.14, Penal Code." *Id.*, § 134.003(a) (Added by Acts 1989, 71st Leg., ch. 2, § 4.05(a), eff. Aug. 28, 1989; Amended by Acts 1999, 76th Leg., ch. 858, § 4, eff. Sept. 1, 1999).[3] In 2012, as today, Penal Code § 31.05 stated, in relevant part that, "[a] person commits an offense if, without the owner's effective consent, he knowingly: (1) steals a trade secret; (2) makes a copy of an article representing a trade secret; or (3) communicates or transmits a trade secret." Thus, in 2012, liability under the Theft Liability Act could arise from theft of a trade secret.

6.  In 2012, as today, the Theft Liability Act required a mandatory award of costs and fees to the prevailing party: "Each person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees."  Tex. Civ. Prac. & Rem. Code § 134.005(b); *see also Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) ("Statutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary."). When an award of attorney's fees to a prevailing party is mandated by statute, the factfinder can decide to award zero attorney's fees only if the evidence (1) failed to prove (a) that the attorney's services were provided or (b) the value of the services provided; or (2) affirmatively showed that (a) no attorney's services were needed or (b) that any services provided were of no value. *See Recognition Communications, Inc. v. Am. Auto. Ass'n, Inc.*, 154 S.W.3d

---

[3] The current version of § 134.002, which became effective 17 months after ATOM filed its April 2012 Complaint, does not include Penal Code § 31.05. *See* Acts 2013, 83rd Tex. Leg., ch. 10 (S.B. 953), § 2, eff. Sept. 1, 2013.

3

878, 891 (Tex. App.—Dallas 2005, pet. denied); *Arrow Marble, LLC v. Estate of Killion*, 441 S.W.3d 702, 708 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

### Petroleum's request to submit supplemental evidence

7. Under Rule 54, unless the substantive law requires the fees to be provided as damages, a claim for attorney's fees must be made by motion. *See* Fed. R. Civ. P. 54(2)(A). Unless a statute or court order provides otherwise, the motion must be filed no later than 14 days from the judgment, specify the grounds for the award, "state the amount sought or provide a fair estimate it," and, if ordered by the Court, disclose terms of any agreement about fees for services for which the claim is made. *See* Fed. R. Civ. P. (2)(B).

8. Final Judgment in this case was entered August 16, 2018 (Doc. 143), so Petroleum's motion seeking attorney's fees is timely. Petroleum is entitled to an award of attorney's fees because the Texas Theft Liability Act requires the Court to award reasonable and necessary fees as the prevailing party in this lawsuit – here, Petroleum. *Supra*. Based on the preliminary review of the six-years' worth of invoices and the amounts paid by Petroleum, it now seeks to recover its reasonable and necessary attorney's fees of at least $1,046,000.00 and at most $1,308,629.00. Petroleum provides this good-faith estimate as a range because it recognizes that it may be required to segregate its fees,[4] and requires additional time to further review, prepare, and redact its invoices.

---

[4] As noted by the Fifth Circuit in *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 298 (5th Cir. 2007):

> The general rule regarding the recovery of fees in Texas is that "fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 311 (Tex. 2006). However, in *Stewart Title Guaranty Co. v. Sterling,* the Texas Supreme Court recognized that an "exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts." 822 S.W.2d 1, 11 (Tex. 1991) (citation and internal quotation omitted). A party who can meet this exception is not required to segregate fees and may recover the entire amount of fees covering all claims. *Id.*

4

9. Accordingly, Petroleum asks the Court to allow it to supplement this motion within 10 days with additional evidence as to the reasonableness and necessity of its defense costs related to the Texas Theft Liability Act and supported by an attorney affidavit. Thereafter, Petroleum requests the Court, upon review of its evidence, to award it fees.

Respectfully submitted,

/s/ Christine Kirchner
A. Shane Nichols
Attorney-in-Charge
Texas Bar No. 24063267
SDTX Admission No. 1196609
Shane.Nichols@alston.com
ALSTON & BIRD, LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881 - 4540
Facsimile: (404) 881 - 7777

Christine Kirchner
Texas Bar No. 00784403 / SDOT: 15255
CHAMBERLAIN, HRDLICKA,
WHITE, WILLIAMS & AUGHTRY
1200 Smith, Suite 1400
Houston, Texas 77002-4310
Telephone: 713-658-1818
Facsimile: 713-658-2553

ATTORNEYS FOR DEFENDANT
PETROLEUM ANALYZER COMPANY, L.P.

---

Furthermore, "[i]ntertwined facts do not make tort [attorney's] fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Id.* (quoting *Chapa*, 212 S.W.3d at 313-14).

**CERTIFICATE OF CONFERENCE**

Counsel for Petroleum did not confer with counsel for ATOM Instrument Corporation or Franek Olstowski regarding the relief sought by this Motion because similar to a dispositive motion, it is presumed that ATOM and Olstowski are opposed to the relief sought in this Motion.

/s/ Christine Kirchner
Christine Kirchner

**CERTIFICATE OF SERVICE**

I certify that on August 30, 2018, this document was served on counsel of record by electronic filing in accordance with the Administrative Procedures for Electronic Filing of the United States District Court, Southern District of Texas.

/s/Christine Kirchner
Christine Kirchner

## VERIFICATION

STATE OF TEXAS               §
                             §
COUNTY OF HARRIS             §

BEFORE ME, the undersigned authority, a Notary Public, on this day personally appeared Christine Kirchner, who, after being duly sworn, states as follows:

"I am an attorney for Petroleum Analyzer Company, L.P., in the lawsuit styled *ATOM Instrument Corporation, et al. v. Petroleum Analyzer Company, LP*; Civil Action No. 4:12-cv-01811 in the United States District Court for the Southern District of Texas, Houston Division. I have personal knowledge of the facts stated herein through discussions with co-counsel for Petroleum Analyzer Company, LP at Alston & Bird, LLP and from reviewing accounting summaries of invoices and corresponding payments for defending Petroleum in the lawsuit, which are attached at Ex. A to this verification.

I have reviewed Petroleum's Verified Motion for Attorney's Fees Pursuant to the Texas Theft Liability Act. The statements concerning the amounts Petroleum incurred and paid as reasonable and necessary attorney's fees in connection with the defense of this lawsuit are true and correct. A good faith estimate of Petroleum's recoverable fees under the Texas Theft Liability Act range from $1,046,000.00 to $1,308,629.00. Furthermore, the statements regarding the need for more time to review, prepare, and redact invoices for submission to the Court in support of Petroleum's Analyzer Company, LP's claim for reasonable and necessary attorney's fees and costs are also true and correct."

_____
Christine Kirchner

SUBSCRIBED AND SWORN before me by Christine Kirchner on this 30th day of August, 2018.

By: _____
Notary Public in and for the State of Texas

My commission expires  4-21-21 .

KELLY JO CANNON
Notary ID #741007-2
My Commission Expires
April 21, 2021