IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATOM Instrument Corporation, et al. | § | |
|     Plaintiffs, | § | Civil Action No. 4:12-cv-01811 |
| | § | |
| v. | § | |
| | § | |
| | § | Judge Lynn N. Hughes |
| Petroleum Analyzer Company, LP | § | |
|     Defendant. | § | |

**Petroleum Analyzer Company, LP's Supplement to
Verified Motion for Attorney's Fees Pursuant to Texas Theft Liability Act**

To Judge Hughes:

1.    Petroleum, as prevailing party, requests the Court to award its reasonable and necessary attorney's fees in the amount of $1,201,186.70 incurred defending this trade secret lawsuit, as required by the Texas Theft Liability Act. TEX. CIV. PRAC. REM. CODE § 134.005 (West 2012).  Petroleum previously filed its verified motion for attorney's fees pursuant to the Texas Theft Liability Act (Doc. 144) and notified the Court that additional time would be required to prepare and submit evidence to the Court.  This supplement supports the prior motion and includes the Affidavit of Christine Kirchner attesting to the reasonableness and necessity of the fees Petroleum incurred in defending this lawsuit.  Additionally, the Kirchner Affidavit (Exhibit A) provides a "lodestar" summary of the necessary timekeeper hours incurred and reasonable and customary rates for those respective timekeepers for which Petroleum paid to defend this matter.  The lodestar summary (Exhibit A-1), the supporting timekeeper records of Alston & Bird (Exhibit A-2), along with relevant biographical information as to particular attorneys (Exhibit A-3) are attached to the Kirchner Affidavit.

2.      In their Complaint, Plaintiffs ATOM and Olstowski (Olstowski) alleged both a claim of trade secret misappropriation and a conversion claim under the Texas Theft Liability Act. (Doc. 26).  The gravamen of Plaintiffs' complaint is the lengthy history between the parties, whereby Olstowski claimed that Petroleum stole, or converted, his trade secrets/property. Olstowski did not prevail on those claims at trial (Doc. 142). The Texas Theft Liability Act mandates attorney's fees "shall be awarded" to the prevailing party, here Petroleum. Tex. Civ. Prac. & Rem. Code 134.005 (West 2012).

3.      Ordinarily a party seeking attorney's fees must segregate its recoverable fees from its non-recoverable fees, but segregation is not required, when, as here, the attorney's fees "are in connection with claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts." *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 298 (5th Cir. 2007) (applying Texas law).[1] Here, Petroleum's defense of ATOM's trade secret misappropriation claim is so intertwined with its defense of Olstowski's Theft Liability Act claim that segregation of fees is not required.

**Plaintiffs' misappropriation of trade secrets claim and Theft Liability Act claim arise from the same transactions and relationships.**

4.      Plaintiffs' Complaint (filed in 2012 and never amended) alleged Petroleum was prohibited from claiming ownership in or using the "Olstowski Technology," which was judicially determined to be Olstowski's trade secrets. (Doc 26, ¶¶ 9, 11). As alleged, Petroleum used the Olstowski Technology, including in its MultiTek instruments, and this substantially interfered with ATOM or Olstowski's use and enjoyment of the Olstowski Technology, and caused ATOM or Olstowski to sustain damages. (Doc. 26, ¶ 12).

---

[1] *See also Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313–14 (Tex. 2006) ("Intertwined facts do not make tort fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated").

5.      Regarding the trade secret misappropriation claim, Olstowski alleged the following:

> 13. Plaintiffs incorporate by reference the allegations of paragraphs 5-12 above.
>
> 14. Atom and/or Olstowski own, possess and/or have the right to use the trade secrets represented by or embodied within the Olstowski Technology.
>
> 15. PAC, in relation to the manufacture, sale, servicing and/or repair of PAC instruments, including its "MultiTek" instruments, unlawfully used or disclosed trade secrets represented by or embodied within the Olstowski Technology, after being notified by court order that such use or disclosure by PAC was prohibited.
>
> 16. As a result of PAC's unlawful use or disclosure of trade secrets represented by or embodied within the Olstowski Technology, Atom and/or Olstowski sustained damages in an amount to be shown at trial.
>
> 17. Additionally or alternatively, Plaintiffs are entitled to recover damages (via disgorgement and/or other remedies) measured by PAC's profits resulting from its unlawful use or disclosure of trade secrets represented by or embodied within the Olstowski Technology, and/or in the form of a reasonable royalty for such use or disclosure, in an amount to be shown at trial.
>
> 18. Additionally or alternatively, PAC unlawfully used or disclosed trade secrets represented by or embodied within the Olstowski Technology, knowingly, willfully, maliciously, and/or with conscious indifference or reckless disregard for Plaintiffs' rights. Plaintiffs are, therefore, entitled to recover punitive or exemplary damages in an amount sufficient to punish PAC's unlawful conduct and/or to deter those similarly situated from engaging in such unlawful conduct in the future.

6.      Olstowski's Texas Theft Liability Act claim is based on the *very same* facts as the above misappropriation claim, and expressly incorporates those allegations:

> 23. Plaintiffs incorporate by reference the allegations of paragraphs 5-18 above.

24. Plaintiffs own, possess and/or have the right to use property rights in the trade secrets represented by or embodied within the Olstowski Technology.

25. PAC unlawfully appropriated, acquired and/or exercised control over Plaintiffs' property without Plaintiffs' consent.

26. PAC unlawfully appropriated, acquired and/or exercised control over Plaintiffs' property with the intent to deny Plaintiffs the value or enjoyment of the property and/or to otherwise deprive Plaintiffs of the property.

27. Defendant's theft of Plaintiffs' property caused injury or damages to the Plaintiffs, in an amount to be proven at trial.

28. Additionally or alternatively, PAC engaged in theft of Plaintiffs' property, as alleged above, knowingly, willfully, maliciously, and/or with conscious indifference or reckless disregard for Plaintiffs' rights. Plaintiffs are, therefore, entitled to recover punitive or exemplary damages in an amount sufficient to punish PAC's unlawful conduct and/or to deter those similarly situated from engaging in such unlawful conduct in the future.

7.    Thus, the facts alleged in the Complaint to support Olstowski's misappropriation of trade secrets claim and Theft Liability Act claim have a common genesis: Petroleum's alleged use of the "Olstowski Technology."

**Petroleum had to prove or deny essentially the same facts in its defense against both the misappropriation of trade secrets claim and the Theft Liability Act claim.**

8.    Under Texas law, Olstowski's claims for trade secret misappropriation and trade secret theft under the Theft Liability Act are nearly indistinguishable. Trade secret misappropriation "is established by showing: (a) a trade secret existed; (b) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; and (c) use of the trade secret without authorization from the plaintiff." *Phillips v. Frey*, 20 F.3d 623, 627 (5th Cir. 1994). Liability for theft of a trade secret under the 2012 Theft Liability Act requires showing that the defendant knowingly (1) stole a trade secret; (2) made a copy of an

4

article representing a trade secret; or (3) communicated or transmitted a trade secret. *See* TEX. CIV. PRAC. & REM. CODE § 134.003 (West 2012); TEX. PENAL CODE § 31.05 (West 2012).

9.      The Complaint alleged the Olstowski Technology was a trade secret, that Petroleum breached non-disclosure agreements related to the Olstowski Technology, and that Petroleum "sold, offered, disclosed and/or otherwise used the Olstowski Technology" in relation to its MultiTek devices. (Doc. 26, ¶¶ 5, 6, 11).  The two claims essentially allowed Olstowski to articulate the same set of facts through multiple claims.  However, as the master of their pleadings, Plaintiffs could have elected one or the other upon which to proceed to trial.  In light of these allegations, Petroleum's defense for Plaintiffs' misappropriation of trade secrets claim and the Theft Liability Act claim required proving or denying essentially the same facts.

10.     As a result, Petroleum's fees for defending Plaintiffs' Theft Liability Act claim and misappropriation of trade secret claim need not be segregated because they were incurred in connection with claims arising out of the same transaction, and are so interrelated that their defense entails proof or denial of essentially the same facts. *Navigant Consulting*, 508 F.3d at 298 (5th Cir. 2007); *Chapa*, 212 S.W.3d at 313 ("To the extent such services would have been incurred on a recoverable claim alone, they are not disallowed simply because they do double service.").

**Kirchner Affidavit and Lodestar Methodology to Request Fees**

11.     Petroleum is entitled to receive its reasonable and necessary attorney's fees because the Texas Theft Liability Act mandates that each person who prevails in a suit under the Act "shall be awarded court costs and reasonable and necessary attorney's fees." CIV. PRAC. & REM. CODE § 134.005(b); *See also Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("A fee award is governed by the same law that serves as the rule of decision for the substantive

issues in the case."). Here, Ms. Kirchner in the attached affidavit has provided an opinion based upon several non-exclusive factors as to the appropriateness of the fees sought for recovery by Petroleum. These include but are not limited to: 1) time and labor required; 2) novelty and difficulty of the questions involved; 3) skill required to perform the legal services properly; 4) preclusion of other employment; 5) fees customarily charged in the Houston, Texas area; 6) amount involved and results obtained; 7) nature and length of professional relationship with client. *See, e.g., Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).   In considering these factors, a review of the Alston & Bird accounting timekeeper records was undertaken.  Time billed by various timekeepers that was unrelated to the defense of the theft of trade secrets as claimed under the Texas Theft Liability Act was segregated and removed.  Also, due to the varying billing rates assigned to various timekeepers throughout the six year pendency of this case, a weighted average timekeeper rate was calculated and applied. The methodology and rationale for this fee request complies with the "lodestar" method recognized by Texas courts and the U.S. Fifth Circuit. *See, e.g., El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012); *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996).

        12.    For these reasons, and based upon the attached affidavit and evidence, Petroleum asks the Court to accept this supplement to its motion for attorney's fees pursuant to the Texas Theft Liability Act, and award it reasonable and necessary attorney's fees in the amount of $1,201,186.70 against ATOM Instrument Corporation and Franek Olstowski.

Respectfully submitted,

*/s/Christine Kirchner*

Christine Kirchner
Texas Bar No. 00784403 / SDOT: 15255

**CHAMBERLAIN, HRDLICKA,
WHITE, WILLIAMS & AUGHTRY**
1200 Smith, Suite 1400
Houston, Texas 77002-4310
Telephone: 713-658-1818
Facsimile: 713-658-2553

James C. Grant
A. Shane Nichols
Texas Bar No. 24063267 / SDOT: 1196609
Matthew W. Howell

**ALSTON & BIRD, LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881 – 4540
Facsimile: (404) 881 – 7777
Jim.Grant@alston.com
Shane.Nichols@alston.com
Matthew.Howell@alston.com

*Counsel for Defendant Petroleum Analyzer Co., LP*

## CERTIFICATE OF CONFERENCE

Counsel for Petroleum did not confer with counsel for ATOM Instrument Corporation or Franek Olstowski regarding the relief sought by this Motion because similar to a dispositive motion, it is presumed that ATOM and Olstowski are opposed to the relief sought in this Motion.

/s/ *Christine Kirchner*
Christine Kirchner

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 7, 2018, this document was served on counsel of record by electronic filing in accordance with the Administrative Procedures for Electronic Filing of the United States District Court, Southern District of Texas.

/s/*Christine Kirchner*
Christine Kirchner

2999604_2