IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATOM Instrument Corporation, et al. <br> Plaintiffs, | § <br> § <br> § | Civil Action No. 4:12-cv-01811 |
| v. | § <br> § <br> § | Judge Lynn N. Hughes |
| Petroleum Analyzer Company, LP <br> Defendant. | § <br> § | |

## AFFIDAVIT OF CHRISTINE KIRCHNER

On this day, Christine Kirchner appeared before me, the undersigned notary public. After I administered an oath to her, upon oath, she stated:

1. My name is Christine Kirchner. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. Defendant Petroleum Analyzer Company, LP (Petroleum) retained the law firm of Alston & Bird to represent it as lead counsel in the suit filed by ATOM Instrument Corporation and Franek Olstowski (Olstowski). This case was file as an adversary proceeding on April 25, 2012 in Bankruptcy Court. On the recommendation of Judge Isgur, the case was referred and assigned to this Court on July 13, 2012. In the later half of 2014, I was retained by Petroleum to serve as co-counsel with Alston & Bird, as well as local counsel residing here in the jurisdiction. Since my retention, I have actively participated in the defense of this case in all phases and actively participated as trial counsel, including presenting evidence when the case was tried on July 24, 2018.

3. I have been licensed to practice law in the State of Texas since 1992, and I am also currently licensed in the Southern District of Texas, as well as all other federal districts in the state. Prior to that, I was licensed to practice law in the State of Illinois in 1991, having received my Jurisprudence Doctorate from Northwestern University in 1991. I am experienced in both state and federal work, having conducted in excess of 50 jury and bench trials, including 17 arbitrations. Additionally, my practice also consists of state and federal appellate work. I am an Equity Shareholder in the law firm of Chamberlain, Hrdlicka, White, Williams & Aughtry. I am active in the management and administration of the commercial litigation section of the firm. One of my functions in that capacity is to be knowledgeable about the customary rates charged by our firm, competitor firms, as well as firms that provide specialized legal expertise.

4. When filed in this Court, the case primarily involved a misappropriation of trade secret claim, as well as a conversion claim under the Texas Theft Liability Act. However, prior to this case, the parties had a lengthy history that included a prior arbitration as well as state court proceedings. The heritage of this case included patent claims and other technology claims

Exhibit A

beyond merely common law trade secrets. Moreover, the technology at issue was complex. Accordingly, intellectual property lawyers from the firm of Alston & Bird served as lead counsel to Petroleum in the development of the defenses necessitated by Plaintiff's claims.

5. The legal work required to properly defend this matter included the investigation of Plaintiff's claims; analysis and investigation of the technology at issue; interface with clients; identification of and preparation of defenses; and the preparation of numerous substantive motions in connection with those defenses. Given the procedural history of this matter and the prior litigation it was necessary in connection with the civil theft claim to evaluate and analyze issue preclusion and whether Plaintiffs were estopped from pursuing their theft of trade secret claims in this case. Additionally, settlement opportunities were evaluated and the parties participated in mediation. Throughout the pendency of this matter, various submissions were prepared to the Court, both at the Court's request and as deemed necessary by Petroleum's counsel to defend the claims against it. In connection with the recent bench trial, legal work was necessarily spent to identify, determine and prepare trial exhibits; prepare various pretrial motions; review depositions to determine deposition excerpts to offer as evidence at trial; as well as preparation of objections to Plaintiff's offers. Additionally, time was spent in the preparation of witnesses to prepare for their testimony, as well as to prepare for the cross-examination of Plaintiff's witnesses. Finally, findings of fact and conclusions of law were prepared for the Court.

6. I attach to my Affidavit as Exhibit A-1 a summary chart reflecting timekeeper hour and rates billed per invoice for legal work performed in the defense of this matter since its inception in June 2012 through August of 2018. I also attach to this Affidavit as Exhibit A-2 a redacted copy of all timekeeper entries with descriptions submitted by Alston & Bird to Petroleum, which have been fully paid or in the process of being paid as it relates to the final trial invoice. Given the nature and pendency of the case, there are periods of time in which no legal activity took place. Accordingly, the invoices do not reflect legal work for each and every month for the past six year period. The attached records of Alston & Bird were kept in the ordinary course of business and reflect the actual descriptions for timekeeper work entered contemporaneously at the time the work was performed. Based upon the tally of the timekeeper hours, I have prepared in the attached summary a calculation of total fees and total hours billed. However, in order to adjust for any time expended unrelated to the civil theft claim, i.e. misappropriation of trade secrets claim, the hours have been reduced and the actual fees requested has also been modified. These sums are reflected in the second and third columns of the summary chart, title "Timekeeper hours related to civil theft claim" and "Fees requested related to civil theft claim."

7. **In Exhibit A-1, the amount of hours reflected in the second column along with the fees requested in the third column reflect reasonable and necessary legal services performed to defend Petroleum in this case. That amount is $1,201,186.70. I have personally reviewed the time entries of Alston & Bird timekeepers and deducted those hours for which time was expended on patent, procedural or bankruptcy jurisdiction, matters unrelated to the Texas civil theft claim. The handwritten notations contained in Exhibit A-2 are mine and note removed or adjusted time entries.**

8. Attached to my Affidavit as Exhibit A-3 are copies of the firm biographies for the Alston & Bird attorneys who had a primary role in the defense of Petroleum. At the partner level, Shane Nichols billed 1,173 hours, James Grant billed 133 hours and Matthew Howell billed 94 hours to this case. Nichols and Howell are members of the patent bar and specialize in intellectual property law. Grant is an accomplished trial attorney with over 25 trials and specializes in complex commercial litigation. Accordingly, I have reviewed the hourly rates charged by each of these lawyers and given their specialized experience, coupled with the length of time they have been practicing law and their relative experience, their rates charged are reasonable and customary for this jurisdiction. Those rates are reflected in the actual redacted timekeeper entries of Alston & Bird attached as Exhibit A-2 to my Affidavit. Additionally, the hourly rates charged by the key associates Suzanne Werner, Anna Kim and Caitlyn Smith as reflected in the attached actual redacted timekeeper entries of Alston & Bird are also reasonable rates given their specialized experience in intellectual property and complex commercial cases, coupled with their years of experience. Werner billed 152 hours, Kim billed 89 hours and Smith billed 74 hours to this matter.

9. The hourly rates for associates charged by Alston & Bird to Petroleum ranged from $310.00 to $535.00 per hour. The rates varied with the experience level of the associate, as well as in some cases, rate escalation during the six year pendency of the case. Similarly, partner rates charged by Alston & Bird to Petroleum range from $592.00 per hour to $881.00 per hour. The rates varied with the experience level of the partners, as well as in some cases, rate escalation during the six year pendency of the case. Because rates extended over six years and varied by timekeeper, I calculated a weighted average timekeeper rate in order to apply a "lodestar" method to the fees calculation. Accordingly, the weighted average partner rate reflected in Exhibit A-1 to my Affidavit is $773.00 per hour and the weighted average associate rate is $442.00 per hour. When applying a weighted average timekeeper rate to the total number of hours actually incurred in the defense of this matter, the resulting total of $1,201,186.70 is less than the $1,308,629.00 actually billed to Petroleum. Additionally, the number yielded under the lodestar method by a total number of hours multiplied by the effective rates achieved for associates and partners of $1,291,536.30 has been further adjusted downward to $1,201,186.70 to account for time captured in those invoices, which was not spent in defense of the Texas civil theft claim asserted by Plaintiffs.

10. When Petroleum's initial fee motion was submitted on August 30, 2018, Alston & Bird's accounting records were in interim form. Now that those records have been finalized and redacted, the amount sought in this affidavit, as well as in the attached summary of Alston & Bird's Defense Fee Chart (Exhibit A-1) reflect final and accurate information. Should the Court have questions on the attached evidence, preparation of the summary chart or any part of this submission, I would be pleased to appear before the Court, and provide further testimony in my capacity as an Officer of the Court.

*/s/ Christine Kirchner*
Christine Kirchner

SWORN TO and SUBSCRIBED before me by Christine Kirchner, on this 7th day of September 2018.

[Notary seal: PENNIE PROCTOR, Notary ID #329993-2, My Commission Expires October 04, 2021]

_____
NOTARY PUBLIC in and for the
STATE OF TEXAS

3001763_1