United States District Court
Southern District of Texas
**ENTERED**
April 26, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT　　　SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ATOM Instrument Corporation, et al., | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| versus | | Civil Action H-12-1811 |
| Petroleum Analyzer Company, L.P., | | |
| Defendant. | | |

## Award of Fees

Petroleum Analyzer Company, L.P., moved for attorneys' fees as the prevailing party. It may recover its fees.

It has asked for $1,319,260.78 in attorneys' fees. To decide whether the requested attorneys' fees are reasonable, start by multiplying the number of hours spent on the case by the rate charged. Next, a court looks at twelve non-exclusive and overlapping factors to adjust that amount if necessary.

These factors are: (a) time and labor required; (b) novelty and difficulty of the questions; (c) skill required to perform the legal work properly; (d) preclusion of other employment by accepting this case; (e) customary fee; (f) whether the fee is fixed or contingent; (g) time limitations imposed by the client or circumstances; (h) amount involved and results obtained; (i) experience, reputation, and ability of the attorneys; (j) undesirability of the case; (k) nature and length of the professional relationship with the client; and (l) awards in similar cases.[1]

The time and labor required is a positive factor here – the time spent was reasonable under the circumstances. The novelty and difficulty of the questions is neutral – the facts were difficult to master but the law was not. A high level of skill was

---

[1] *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974).

required to perform the legal work properly, so this factor is positive. The factor of preclusion of other employment is neutral – the case was protracted but there was nothing intrinsic to it that precluded other work. The lawyers charged their customary fee, making this a neutral factor. The fee was fixed at a rate reasonable for her status, so this factor is neutral. The time limitations do not add or subtract to the fees here. Petroleum successfully defended itself and won the case. The attorneys were highly experienced and able, so this is a positive factor as well. The case was not notably desirable or undesirable. The nature and length are neutral, as is the last factor because the court has no evidence of awards in similar cases. The factors show that $1,319,260.78 is a reasonable fee.

ATOM Instrument Corporation and Franek Olstowski have fiercely contested every point of this case. They have been exceedingly aggressive and expansive in their claims, causing unnecessarily protracted work for Petroleum. Petroleum Analyzer Company, L.P., may recover from ATOM Instrument Corporation and Franek Olstowski $1,319,260.78 in attorneys' fees. (144)(145)

Signed on April 25, 2019, at Houston, Texas.

                                                          Lynn N. Hughes
                                      United States District Judge