IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATOM INSTRUMENT CORP., *et al.*, | § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:12-cv-01811 |
| | § § | |
| PETROLEUM ANALYZER COMPANY, LP, | § § § | |
| *Defendant.* | § § | |

**PETROLEUM ANALYZER COMPANY'S MOTION
FOR AWARD OF APPELLATE ATTORNEYS' FEES**

The Fifth Circuit Court of Appeals recently affirmed the Final Judgment (Doc. No. 143) and Award of Fees (Doc. No. 174) in favor of Petroleum Analyzer Company and remanded the case to this Court for an award of Petroleum's appellate attorneys' fees. Petroleum files this motion for award of appellate attorneys' fees, and, for support, respectfully shows as follows.

**EXHIBITS**

Exhibit A:   Fifth Circuit Mandate, Judgment, and Opinion

Exhibit B:   Declaration of Lead Appellate Counsel Steven J. Knight

Exhibit B1:  Attorney Resumes

Exhibit B2:  Appellate Fee Invoices

**RELEVANT BACKGROUND**

In 2012, after ATOM Instrument Corporation filed for bankruptcy, ATOM and its owner, Franek Olstowski, asserted claims against Petroleum in Adversary No. 12-3213 for misappropriation of trade secrets and theft liability under Texas Civil Practice & Remedies Code § 134.005. *See* Doc. No. 1 (Report and Recommendations). ATOM and Olstowski demanded a

jury trial but would not consent to one in the bankruptcy court. So, the Court removed the reference to the bankruptcy and asserted jurisdiction over the claims under 28 U.S.C. § 1334. Doc. No. 2 (Order Withdrawing Reference).

Following a bench trial, the Court entered its findings and conclusions and a take-nothing Final Judgment against ATOM and Olstowski. Doc. No. 143 (Final Judgment). ATOM and Olstowski appealed, Doc. No. 157 (Notice of Appeal), and that appeal was assigned Fifth Circuit Cause No. 19-20151. Subsequently, this Court granted Petroleum's motion for attorneys' fees under the Texas Theft Liability Act. *See* TEX. CIV. PRAC. & REM. CODE § 134.005(b). Doc. No. 174 (Fee Award). ATOM and Olstowski appealed that order as well, Doc. No. 178 (Notice of Appeal), and that appeal was assigned Fifth Circuit Cause No. 19-20371.

The appeals proceeded on separate tracts until the Fifth Circuit consolidated them for purposes of oral argument, which occurred on February 4, 2020. On August 7, 2020, the Fifth Circuit issued its opinion, affirming the Final Judgment and the Fee Award and remanding the case to this Court for a determination and award of Petroleum's appellate attorneys' fees. On September 24, 2020, after denying ATOM and Olstowski's motion for rehearing *en banc* and motion to stay issuance of the mandate, the Fifth Circuit issued its mandate, formally remanding the case to this Court for a determination and award of Petroleum's attorneys' fees. Exhibit A.

## ARGUMENT

This Court and the Fifth Circuit have already determined that Petroleum, as the prevailing party, is entitled to its attorneys' fees under the Texas Theft Liability Act, Thus, the only issue before the Court is the amount of appellate fees to be awarded.

In awarding attorneys' fees, courses generally use the "lodestar" method and apply the twelve factors enumerated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th

Cir. 1974). Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and lengthy of the professional relationship with the client; and (12) awards in similar cases. *Id*. at 717-19. The party seeking attorneys' fees must submit time records that specify, for each attorney, the date, the hours expended and the nature of the work done. *See Kiva Kitchen & Bath, Inc. v. Capital Distributing, Inc.*, 681 F.Supp.2d 807 (S.D. Tex. 2010).

Here, Petroleum was represented on appeal by Lead Appellate Counsel Steven J. Knight of Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C.. Attached as Exhibit B is a Declaration of Knight, which sets forth in detail the reasonable and necessary attorneys' fees Petroleum incurred in connection with the handling of both appeals. As Knight opines, Petroleum incurred $89,193.50 in reasonable and necessary appellate attorneys' fees. Knight's Declaration includes, at Exhibit B1, his own resume as well as that of Christine Kirchner, and Pierce Cox, who assisted with the appeal. Knight's Declaration also includes, at Exhibit B2, Chamberlain Hrdlicka's fee invoices for the appellate work.

## CONCLUSION

Based on Knight's Declaration, the resumes of counsel, and the appellate fee invoices, Petroleum respectfully requests the Court to award Petroleum $89,193.50 in reasonable and necessary appellate attorneys' fees to be paid by ATOM and Olstowski, jointly and severally.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE
WILLIAMS & AUGHTRY, P. C.

By: _____*/s/ Steven J. Knight*_____
STEVEN J. KNIGHT
State Bar No. 24012975
steven.knight@chamberlainlaw.com
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 658-1818

## CERTIFICATE OF SERVICE

On September 24, 2020, this document was served on counsel of record by electronic filing in accordance with the Administrative Procedures for Electronic Filing of the United States District Court, Southern District of Texas.

_____*/s/ Steven J. Knight*_____
STEVEN J. KNIGHT